**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

**DAVID RAY BROWN**                                                           **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 1:O7CV-P79-R**

**RICKY SANDER**                                                           **DEFENDANT**

## MEMORANDUM OPINION

The plaintiff, David Ray Brown, filed a *pro se*, *in forma pauperis* complaint pursuant to

42 U.S.C. § 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C.

§ 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth

below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

The plaintiff is incarcerated at Louisville Metro Corrections.  He sues Police Chief Ricky

Sander, Horse Cave Police Department, in his official and individual capacity.  He states that on

or about July 1, 2005, he pleaded guilty in Hart County Circuit Court to charges including

receiving stolen property over $300.  He states that at the conclusion of the court proceeding it

was determined that not all of the items seized from him at his arrest were stolen.  He further

states that the court issued an order that Police Chief Sander return those items to the plaintiff.

He alleges that after his release from incarceration in July 2005 he went to the Horse Cave Police

Department and gave the court's order to the defendant who refused to comply with the written

order.  He states that he then notified the court of the defendant's unwillingness to cooperate and

requested that the defendant be subpoened to show cause for his noncompliance.  He states that

when the defendant appeared in open court, the judge re-ordered the defendant to return the

plaintiff's property within thirty days and the defendant stated that he would do so.

The plaintiff states that at the end of the 30-day period he returned to the Horse Cave Police Department to pick up the items and discovered that the defendant only had a small portion of the illegally seized items and that the defendant informed him that he needed more time to retrieve the items.  The plaintiff states that he checked with the defendant several times for the return of the items, to no avail.  He states that he then returned to state court seeking to have the defendant held in contempt of the court's order, explaining to the court that the items that had not been returned were tools important to his work and that not having them was hindering his ability to work.  He states that the judge advised him to file a lawsuit against the defendant.  The plaintiff states that he believes that his constitutional rights to equal protection and due process are being violated.  As relief, he requests monetary damages in the amount of $2,500 and punitive damages in the amount of $10,000.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

2

face."  *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

**A.      Official capacity claims**

        If an action is brought against an official of a governmental entity in his official capacity,

the suit should be construed as brought against the governmental entity.  *Will v. Mich. Dep't of*

*State Police*, 491 U.S. 58, 71 (1989).  Therefore, in the case at bar, the plaintiff's claims against

the defendant in his official capacity are actually brought against the Hart County government.

*See Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing

claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and

the Jefferson County Judge Executive as claims against Jefferson County itself).  Further, the

Hart County government is a "person" for purposes of § 1983.  *Monell v. New York City Dept. of*

*Soc. Servs.*, 436 U.S. 658 (1978).

        When a § 1983 claim is made against a municipality, a court must analyze two distinct

issues:  (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights*,

*Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

        "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in

other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

*Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th

Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of

'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the

municipality, and thereby make clear that municipal liability is limited to action for which the

municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988)

(quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, the plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims.  Consequently, the claims for money damages against the defendant in his official capacity will be dismissed for failure to state a claim upon which relief may be granted.

**B.      Individual capacity claims**

*1.      Equal protection claim*

To sustain an equal protection claim, the plaintiff must allege, in part, that the defendant intentionally discriminated against him because he was a member of a protected class. *McCleskey v. Kemp,* 481 U.S. 279, 292 (1987); *Purisch v. Tenn. Tech. Univ.,* 76 F.3d 1414, 1424

4

(6th Cir. 1996).  The plaintiff has not alleged that he is a member of any protected class.  Nor has

he alleged that the alleged wrongful conduct was intentionally taken against him because of his

membership in a protected class.  Therefore, the plaintiff's claim for relief for violation of the

Equal Protection Clause is fatally flawed.

      2.     *Due Process Claim*

      "In order to establish a procedural due process claim, a plaintiff must show that (1) he

had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived

of this protected interest; and (3) the state did not afford him adequate procedural rights prior to

depriving him of the property interest."  *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611

(6th Cir. 2006).  The Sixth Circuit has stated that "Section 1983 was not meant to supply an

exclusive federal remedy for every alleged wrong committed by state officials.  Rather, the

statute is a remedy for only those wrongs which offend the Constitution's prohibition against

property deprivations without procedural due process."  *Vicory v. Walton*, 721 F.2d 1062, 1065

(6th Cir. 1983).  Therefore, the Sixth Circuit held "that in section 1983 damage suits claiming

the deprivation of a property interest without procedural due process of law, the plaintiff must

plead and prove that state remedies for redressing the wrong are inadequate."  *Id.* at 1066.  In

other words, the plaintiff must allege and prove that there was a constitutional violation under

color of law and that the state did not have a remedy; or that the state had a remedy but it was

deemed inadequate; or that the state had an adequate remedy in form, both procedurally and in

damages, but the state did not apply it or misapplied its remedy.  *Hahn v. Star Bank*, 190 F.3d

708, 716 (6th Cir. 1999) (citation omitted).

      In *Wagner v. Higgins*, 754 F.2d 186 (6th Cir. 1985), the Sixth Circuit considered a very

similar case to the instant one.  Wagner brought a § 1983 suit against employees of the

Louisville Police Department, who he claimed directly or negligently unlawfully took certain

property from his car during an inventory search following his arrest.  *Wagner*, 754 F.2d at 187.

The Sixth Circuit determined that Wagner had available to him two possible remedies in

Kentucky state court:  (1) bringing a common law action for conversion, or (2) applying to the

state court judge before whom the criminal charges were filed, which the Sixth Circuit held was

"a common and well-recognized means for obtaining relief where a defendant seeks the return of

property seized from him during a criminal prosecution."  *Id.* at 192.

Here, it appears from the face of the complaint that the plaintiff has applied for relief

from the state court judge handling the criminal matter and that, although the plaintiff received a

ruling in his favor, the state court was unable or unwilling to force the defendant to comply with

that order.  The plaintiff alleges in his complaint that, in fact, the state-court judge in the criminal

action advised him to file suit for the return of his property.  Therefore, it appears that with

regard to this avenue for relief in the state courts, *i.e.*, applying for relief to the judge in the

criminal action, the plaintiff has alleged that the state remedy is inadequate.  However, the

plaintiff has not alleged that a state-court suit for conversion would be an inadequate remedy.

Therefore, the Court finds that the plaintiff has failed to state a claim because he did not allege

that there were no adequate state court remedies.

### III. <u>CONCLUSION</u>

A separate order consistent with this Memorandum Opinion will be entered.

Date:

cc:     Plaintiff, *pro se*
        Defendant
        Hart County Attorney
4413.009